# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

HOSEA SCOTT, )
)
Movant, )
)
v. ) CV420-297
) CR418-262
UNITED STATES OF )
AMERICA, )
)
Respondent. )

## REPORT AND RECOMMENDATION

*Pro se* movant Hosea Scott was found guilty of a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). *See* doc. 97 at 1 (Judgment).[1] He was sentenced to a term of 120 months of imprisonment. *Id* at 2. After his appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), his conviction was summarily affirmed. *See* doc. 122; *see also United States v. Scott*, 819 F. App'x 896 (11th Cir. 2020). He moved to vacate his conviction, pursuant to 28 U.S.C. § 2255, doc. 127, and filed nine documents purporting to "supplement" or "amend" that motion, *see* docs.

---

[1] The Court cites to the criminal docket in CR418-262 unless otherwise noted.

128, 130, 131, 132, 133, 136, 138, 139 & 147.  The Government moved to dismiss his Motion.  Doc. 154.  On the same day the Government's Motion was filed, the Clerk docketed another "supplement" from Scott.  Doc. 155. The Government moved to dismiss it.  Doc. 156.  Scott responded to the Government's first Motion to Dismiss.  Doc. 157.  The second Motion to Dismiss stands unopposed.  *See generally* docket.

## ANALYSIS

Given the complexity of Scott's filings, and the ambiguity of the grounds they assert, the Court must impose some organization to analyze them.  The Government's Motion to Dismiss Scott's original motion and several of his "supplements" and "amendments" does not dispute the propriety of Scott's piecemeal additions, regardless of their characterization.  *See generally* doc. 154.  It argues that all of the grounds asserted "are procedurally barred."  *See id.* at 1.  It subsequently clarifies that though several grounds are correctly characterized as "procedurally barred," several other are "procedurally defaulted."  *See id.* at 12-16. Finally, it argues that several of the grounds asserted are not cognizable under § 2255.  *Id.* at 16-17.  Scott's response to the Government's Motion does not address the procedural argument explicitly.  *See generally* doc.

157. An ambiguous notation at the beginning of that document, "(show cause and prejudice)," *id.* at 1, perhaps indicates, as discussed below, that Scott may concede procedural default and seek to excuse it.

Since the Court has an obligation to ensure that each ground asserted is addressed, *see, e.g., Alarcon v. United States*, 2023 WL 4542687, at *1 (11th Cir. July 14, 2023), it will first identify, individually, each discernable ground Scott asserts, *see, e.g., id.* (claims must be presented "in clear and simple language such that the district court may not misunderstand" them, and "[n]o *Clisby* error occurs when a movant fails to present adequately the claim to the district court."). The summary below includes those "amendments" and "supplements" which the Government has not challenged. *See* doc. 154 at 12 n. 2 ("[B]ecause the pleadings [*i.e.,* docs. 128, 130, 131, 132, 133, 136, 137, 138, 139 & 147] generally repeat the same claims and are within the AEDPA's 1-year statute of limitations . . . , the Government responds to the claims contained in all of Scott's pleadings."). To the extent that those documents are submitted as motions to amend or supplement, they are **GRANTED**. Docs. 128, 130, 131, 132, 133, 136, 138, 139 & 147.

The Court construes Scott's § 2255 Motion, as amended and supplemented, as asserting the following grounds:

Ground One: "The indictment omitted that the defendant knew he possessed a firearm and that he knew he had the relevant status when he possessed it. The indictment did not accuse the defendant of knowing he was a convicted felon." Doc. 127 at 4.

Ground Two: "The jury was not instructed that they must prove the defendant knew he was a convicted felon nor did the jury consider that the defendant knew he belonged to the relevant category of person[ ]s barred from possessing a firearm." *Id.* at 5.

Ground Three: "The evidence presented at trial was insufficient to convict the defendant under the standard announced in Rehaif. The evidence presented at trial was insufficient to prove that he knew he was a convicted felon at the time he possessed the firearm. [N]or did the court prove to the jury he knew his conduct was illegal." *Id.* at 7.

Ground Four: "I was given four point enhancement for having a firearm in commission of another felon [sic]. I was never charge with any felony offense nor did I facilitated any crime, which the enhancement consider for an upward departure [sic]." *Id.* at 8. He subsequently sought

4

to amend this claim to assert a claim under *Borden v. United States*, 593 U.S. 420 (2021).  *See* doc. 138.  He subsequently expanded this claim to assert that the sentencing court incorrectly stated that he possessed the firearm in the commission of an "aggravated assault," but he was only charged with " 'simply battery / battery' which are [misdemeanor] offenses . . . ."  Doc. 139 at 1.  He amended the claim yet again, alleging that "the court made a ruling base[d] on the preparing officer [sic] own assumption[ ]s and not by factual finding [sic]."  Doc. 147 at 1.

Ground Five:  "Counsel fail to raise any Rehaif element errors in my [A]nder[ ]s brief.  Counsel also failed to raises [sic] any violation of my 5th & 6th amendments that omitted any reference to the knowing prohibited status, when I was accused of possessing a firearm."  Doc. 127 at 10.  Scott reasserts this ground in his Motion to Amend Claim.  Doc. 133.

Ground Six:  "The defendant did not know his prohibited status or that his prohibited status triggered a firearm ban. . . .  The government failed to advise the defendant of that elements was structural error."  Doc. 127 at 10.

Ground Seven: "The appeal court failed to let me raise any argument or objection to my direct appeal after my ander's [sic] brief was confirmed. The appeal court deny prior counsel withdrawal then affirmed my conviction without first giving the defendant any chance to respond." *Id.*

Ground Eight: "District Court erred by not suppressing DNA evidence that was obtain illegally by police misconduct. . . . The DNA evidence was contaminated by the officer misconduct that violated his procedures by handling the evidence (firearm) improperly. The officer used the defendant shirt that contained his DNA to pick up the firearm." Doc. 128 at 1.

Ground Nine: "The government violated the defendant rights by failing to preserve evidence . . . . The shirt was part of the evidence in this case. . . . The evidence (shirt) was lost and not admitted at trial." *Id.*

Ground Ten: "The expert witness never examine or tested the defendant shirt [sic] that was lost for DNA. So how is it possible for the expert witness to determine how much DNA was transfer [sic] from the shirt to the object (firearm) . . . . The expert scientific theory [sic] is

flawed and the test is false.  The conclusions are unreliable and should not been [sic] admitted as evidence." *Id.* at 2.

Ground Eleven:  "924(a)2 [sic] was not combine with 922(G)1 [sic] in the indictment which allows the defendant to know it's a crime that's allow [sic] the term of up to ten years in prison." *Id.*

Ground Twelve:  "The government erred by not disclosing evidence of the officer that would had been favorable [sic] to the defendant case [sic]." *Id.*  Scott asserts this ground, with additional explanation and legal argument, in a "Supplemental Motion." *See generally* doc. 136 (arguing that the Government failed to disclose that an officer, who was not called as a witness, "was under investigation . . . for untruthfulness.").

Ground Thirteen:  "The court erred by allowing video footage showing the bruises of two family members that were related with another case during trial." Doc. 130 at 1.

Ground Fourteen:  Scott's statement of the ground asserted in his "Supplemental Motion" is not entirely clear. *See generally* doc. 131.  He asserts that his conviction was invalid, invoking *Rehaif*, because "pre-Rehaif applications of 922(g) and 924(a)(2) necessarily carry a significant

risk that a defendant stands convicted of an act that the law does not make criminal." *Id.* at 2.

Ground Fifteen:  The ground asserted in Scott's next Supplemental Motion appears to be substantially similar to the prior ground.  *See generally* doc. 132.  It asserts that "Rehaif's rule is a new rule of substantive law because it is a new rule of statutory law that clarifies that courts have, until the issuance of the Rehaif rule, construed § 922(g) too broadly in violation of the separation of powers, to criminalize conduct that Congress did not, inf act criminalize." *Id.* at 1-2.

Ground Sixteen:  As discussed above, Scott's Motion to Amend Claim reasserts his claim that appellate counsel was ineffective for failing to raise any *Rehaif* errors.  *See* doc. 133 at 1.  Scott also asserts, perhaps in a related but separate ground, that his trial counsel was ineffective for failing to challenge the sufficiency of the evidence, but, somewhat confusingly, based on what "[t]he post trial change of law render[ed] the evidence of the offense." *Id.*

Ground Seventeen:  "Petitioner was sentenced under the USSG 2k2.1(A)(3).  Which is (A) the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine.  A large capacity

magazine is describe[d] as accepting 'more' than 15 rounds.   The petitioner was not in possession with a magazine of that nature nor can the government prove such facts."  Doc. 139 at 1.

The Government's arguments against Scott's various claims are similarly reorganized in the discussion below.

## I.   Procedural Bar and Procedural Default

The Government argues that Scott's challenge to the sufficiency of his indictment, the jury charges, and the evidence against him, including the failure to exclude DNA evidence, and his objection to the four-point enhancement, were all presented on direct appeal and rejected.  *See* doc. 154 at 12-13.   As the claims are identified above, the Government's Motion to Dismiss asserts that Grounds One through Four, Eight, Ten, Eleven, Fourteen and Fifteen are all procedurally barred.   Scott's response does not explicitly respond to the Government's assertion of a procedural bar, nor does it appear to discuss any of the grounds identified above.  *See generally* doc. 157.  The Government also asserts that, as the claims are identified above, Grounds Nine, Twelve, Thirteen, and Seventeen are procedurally defaulted.   *See* doc. 154 at 14-16.  Scott's response purports to show "cause and prejudice," related to only some of

the grounds previously asserted.  *See generally* doc. 157.  His response addresses the grounds identified above as Ground Eight and Ten, *id.* at 1-3, Ground Twelve, *id.* at 4-5, Ground Thirteen, *id.* at 6, and, generally, the grounds asserting *Rehaif*-based errors, *id.* at 7.

The Eleventh Circuit has explained the related doctrines of "procedural bar" and "procedural default" in the context of § 2255 motions.  *See Seabrooks v. United States*, 32 F.4th 1375, 1383-84 (11th Cir. 2022).  *Seabrooks* explained:

> The terms 'procedurally barred' and 'procedurally defaulted' have distinct meanings.  A procedural bar prevents a defendant from raising arguments in a § 2255 proceeding that he raised and [the Court of Appeals] rejected on direct appeal. [Cit.]  A defendant can overcome a procedural bar when . . . there is an intervening change in law.  [Cit.]
>
> By contrast, a 'procedural default' occurs when a defendant raises a new challenge to his conviction or sentence in a § 2255 motion.  [Cit.]  If a defendant fails to raise an issue on direct appeal, he may not present the issue in a § 2255 proceeding unless his procedural default is excused.  [Cit.]  To overcome a procedural default, a defendant must show either (1) cause and prejudice, or (2) a miscarriage of justice, or actual innocence.  [Cit.]

*Id.* (citations omitted).

In the Eleventh Circuit, under the procedural default rule, "a defendant generally must advance an available challenge to a criminal

conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (internal citation and punctuation omitted). The procedural default rule "'is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments.'" *Id.* (quoting *Massaro v. United States*, 538 U.S. 500, 504 (2003)).

A showing of "cause and prejudice" can overcome a defendant's default. *McKay*, 657 F.3d at 1196. More specifically, a defendant can overcome "application of the procedural default bar by 'show[ing] cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error.'" *Id.* (quoting *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (alteration and emphasis in original)). To show cause to excuse procedural default, a defendant must show that "some objective factor external to the defense prevented [the defendant] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [the defendant's] own conduct." *Lynn*, 365 F.3d at 1235. The movant bears the burden of showing cause and

11

prejudice to excuse a procedural default. *See Hill v. United States*, 569 F. App'x 646, 647 (11th Cir. 2014) (citing *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir. 1983)).

The Government points out that, on direct appeal, Scott's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Doc. 154 at 10; *see also* doc. 154-1 (copy of counsel's *Anders* brief, *also available at* 19-13729, doc. 11 (11th Cir. Dec. 31, 2019)). Scott's counsel's *Anders* brief identified five possible issues: (1) the sufficiency of the Indictment, (2) the trial court's denial of a motion to bifurcate the trial, (3) the trial court's denial of Scott's request to suppress the DNA evidence, (4) erroneous jury instructions, and (5) the sufficiency of the evidence. Doc. 154-1 at 9. As to the sufficiency of the Indictment, counsel points out that "[t]here was a stipulation as to the defendant's prior felony convictions, and the defendant was aware he was a convicted felon prior to the events leading up to his arrest." *Id.* at 15. Counsel acknowledged that the argument advanced for suppressing the DNA evidence—that the handling of the evidence raised concerns about the test's reliability—were properly rejected. *Id.* at 18. He acknowledged the jury instructions "contained a correct statement of the law," and did not impair

Defendant's ability to present an effective defense. *Id.* at 19. After reviewing the evidence presented during the trial, counsel concluded that it was sufficient. *Id.* at 20-21. Since Scott does not raise any issue related to the trial court's denial of his request to bifurcate, discussion of that issue in counsel's *Anders* brief is irrelevant here.

Scott filed several responses to his counsel's *Anders* brief. The first did not address any substantive issues. *See United States v. Scott*, No. 19-13729, doc. 15 (11th Cir. Jan. 10, 2020). The second response includes assertions that the evidence presented at trial was insufficient, the jury instructions were improper, the Indictment was invalid, the Government violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose impeachment material related to a witness who was not called to testify, and challenges the four-point Sentencing Guidelines enhancement, and an alleged error in admitting video evidence. 19-13729, doc. 18 at 2-5 (11th Cir. Jan. 21, 2020). The third response raised those same issues, although the arguments asserted were altered slightly. *See generally* 19-13729, doc. 19 (11th Cir. Jan. 31, 2020). Based on the Court of Appeals' "independent review of the entire record," it

found "no arguable issues of merit." 19-13729, doc. 42-1 at 2 (11th Cir. Sept. 2, 2020).

Scott moved the Court of Appeals for rehearing, or alternatively rehearing *en banc*. 19-13729, doc. 45 (11th Cir. Sept. 21, 2020). His Motion reasserted his argument that the evidence presented at trial was insufficient, the Indictment was invalid, the jury instructions were improper, and the four-point Sentencing Guidelines enhancement was erroneous. *Id.* at 1-2. The Motion was denied both as to Scott's request for a panel rehearing and rehearing *en banc*. 19-13729, doc. 46-2 at 1 (11th Cir. Oct. 26, 2020).

Scott's original § 2255 Motion concedes that he presented Grounds One, Two, and Three to the Court of Appeals in his response to his counsel's *Anders* brief. *See* doc. 127 at 4-7. Given the content of his counsel's *Anders* brief and his responses, it is clear that Scott also presented the grounds identified above as Grounds Four, Eight, Ten, Eleven, Twelve, Fourteen, and Fifteen. The Eleventh Circuit has concluded that issues raised in *Anders* briefs and defendants' responses to those briefs are sufficient to procedurally bar those issues from relitigation under § 2255. *See Stoufflet v. United States*, 757 F.3d 1236,

1242 (11th Cir. 2014); *see also, e.g., White v. United States*, 371 F.3d 900, 903 (7th Cir. 2004) ("Presented is presented, whether in an *Anders* brief or in any other format; and if an appeal is dismissed as frivolous, that is a binding adjudication that the claims presented in it had no merit at all . . . ."). As *Stoufflet* succinctly stated, "presented is presented, [cit.], even if raised only in the *pro se* response to an *Anders* brief." *Id.* (internal quotation marks, alteration, and citation omitted). It, therefore, appears that, as identified above, Grounds One through Four, Eight, Ten,[2] Eleven, Twelve,[3] Fourteen, and Fifteen were presented, and rejected,

---

[2] Since the claims identified as Grounds Eight and Ten, that the trial court erred by failing to suppress or exclude DNA evidence, were clearly presented to the Court of Appeals in counsel's *Anders* brief, *see* doc. 154-1 at 9, 17-18, and rejected, *see Scott*, 819 F. App'x at 896, they are clearly procedurally barred. Scott's response that he can show "prejudice" from the alleged errors, *see* doc. 157 at 1-3, is irrelevant.

[3] The Government states that Scott did not raise the failure to disclose information about the arresting officer on direct appeal. *See* doc. 154 at 14. However, Scott appears to have raised the issue in one of his responses to counsel's *Anders* brief. *See* 19-13729, doc. 18 at 4. It is, therefore, properly dismissed as procedurally barred.

The Court has discretion to decide whether a particular claim has previously been raised. *See, e.g., Gunn v. United States*, 2023 WL 3586427, at *4 (S.D. Ga. May 22, 2023) (citing *Sanders v. United States*, 373 U.S. 1, 16 (1963)). However, doubts as to whether two grounds are different or the same "should be resolved in favor of the applicant." *Sanders*, 373 U.S. at 16. Even supposing there were some basis to argue that Ground Twelve was not raised in Scott's direct appeal, the Government's argument that it should be dismissed as procedurally defaulted would prevail.

Scott's response asserts that he can show cause and prejudice as to Ground Twelve. Doc. 157 at 4-5. Ground Twelve asserts that the Government failed to disclose evidence favorable to Scott related to an officer involved in the case, who was not called as a witness. *See* doc. 136. Specifically, he alleges that one of the officers who arrested him, "Officer Thorpe," was under investigation for sexual assault. *Id.* at 1; *see also* doc. 154 at 14 n. 5. His response to the Government's Motion to Dismiss,

during Scott's direct appeal.  They are, therefore, procedurally barred and his § 2255 Motion should be **DISMISSED** as to those grounds.

The Government argues that Scott's claims which were not presented on direct appeal are procedurally defaulted.  *See* doc. 154 at 14-16.  First, the Government, somewhat confusingly, argues that Scott's claim that his indictment was defective for failing to inform him of the possibility of a ten-year sentence, which is designated above as Ground Eleven, is procedurally defaulted.  *Id.* at 14.  As discussed above, his appellate counsel's *Anders* brief raised, and rejected, the argument that Scott's Indictment was defective.  *See* doc. 154-1 at 14-15.  Any doubt

---

asserts, charitably, that he suffered some prejudice, but does not even assert cause for his failure to raise the issue on direct appeal.  *See* doc. 157 at 4-5.  Scott argues that the possible omission of the fact that the officer was not merely being investigated, but had been put on administrative leave, might have, somehow, altered the Court's determination that the evidence was not subject to disclosure.  *See id.*; *see also* doc. 75 (Order granting the Government's Motion to withhold disclosure of material).

Whether or not Scott's substantive argument might have merit, it does nothing to explain why the claim could not have been raised during his direct appeal.  *See id.* He has, therefore, failed to show cause sufficient to excuse the procedural default.  As noted above, "[i]n procedural default cases, the question is not whether . . . new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim was available at all."  *Lynn*, 365 F.3d at 1235.  "[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal . . . ."  *Id.*  Given the District Judge's Order on the material, doc. 75, and Scott's failure to address the issue of cause at all, *see* doc. 157 at 4-5, the Court can not discern any reason why the claim asserted in Ground Twelve could not have been asserted during Scott's direct appeal.  Thus, even if the Court were to follow the parties and analyze Ground Twelve as procedurally defaulted, it would still be subject to dismissal.

about whether Ground Eleven was presented on direct appeal and is procedurally barred is moot, however, because, if it was not, it is procedurally defaulted.[4]  The Government also notes that the grounds identified above as Grounds Nine, Thirteen, and Seventeen were not presented during Scott's direct appeal.  *See id.* at 14.  Scott's response asserts that he can show cause and prejudice as to Ground Thirteen, *id.* at 6.  Since Scott bears the burden of establishing cause and prejudice to excuse procedural default, *see, e.g., Hill*, 569 F. App'x at 647, his failure to even assert cause and prejudice as to Grounds Nine, Eleven, and Seventeen, means those Grounds should be **DISMISSED** as procedurally defaulted.

Ground Thirteen asserts that the trial court erred by admitting video recordings showing bruises resulting from Scott's alleged battery of several family members.  *See* doc. 130 at 1.  Scott's response to the

---

[4]  The Court has discretion to decide whether a particular claim has previously been raised.  *See, e.g., Gunn v. United States*, 2023 WL 3586427, at *4 (S.D. Ga. May 22, 2023) (citing *Sanders v. United States*, 373 U.S. 1, 16 (1963)).  "A rejected claim does not merit rehearing on a different, but previously available, legal theory."  *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000).  However, doubts as to whether two grounds are different or the same "should be resolved in favor of the applicant."  *Sanders*, 373 U.S. at 16.  Since, as discussed below, Ground Eleven should be dismissed, either as procedurally barred or procedurally defaulted, neither construction is more favorable to Scott.  The Court has included its disposition under both grounds, in the alternative.

Government's Motion to Dismiss that Ground as procedurally defaulted, asserts only that Scott was prejudiced by the error. *See* doc. 157 at 6. Scott's response does not even mention cause for his failure to raise the issue on direct appeal. *See id.*; *see also, e.g., Lynn*, 365 F.3d at 1235. It appears that Scott is simply seeking to challenge the admission of the video, as if he were still pursuing a direct appeal. However, "[c]ollateral review under § 2255 is not a substitute for a direct appeal." *Blackman v. United States*, 2021 WL 5320415, at *2 (11th Cir. Aug. 11, 2021). Since Scott has not shown cause to excuse his procedural default of his claim, Ground Thirteen should be **DISMISSED** as procedurally defaulted.

## II.    *Rehaif* Claims and Ineffective Assistance

The Government identifies several grounds, identified above as Grounds One through Three, asserted in several of Scott's filings which appear to arise from the Supreme Court's opinion in *Rehaif v. United States*, 588 U.S. ___, 139 S. Ct. 2191 (2019), that are procedurally barred. *See* doc. 154 at 12. Scott also claims, in what the Court has identified as Grounds Five and Sixteen, that counsel was ineffective for failing to raise *Rehaif* issues. *See generally* doc. 133. He also asserts, in what the Court has identified as Ground Six, that he "did not know his prohibited status

18

or that his prohibited status triggered a firearm ban[,]" and that the Government's failure to "advise"[5] him of those facts "was structural error." Doc. 127 at 10. Although the Government's response does not follow the structure the Court has imposed above, it argues that any *Rehaif*-related error was harmless and, thus, counsel was not ineffective for failing to raise any such issue. *See* doc. 154 at 13-14, 13 n. 4.

In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) . . . , the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. 2200. The critical knowledge required under *Rehaif*, where a defendant's prohibited status results from a prior felony conviction, is knowledge of that conviction, not knowledge of the conviction's legal effect. As the Eleventh Circuit has explained, "under *Rehaif*'s knowledge-of-status requirement, that a defendant does not recognize

---

[5] Scott does not explain when or how he contends the Government was obligated to "advise" him of anything. *See* doc. 127 at 10. The cases he cites provide little indication. *See id. Weaver v. Massachusetts* discussed structural error, generally. *See* 582 U.S. 286, 294-96 (2017). In *United States v. Gary*, the Fourth Circuit did find a *Rehaif* error in a guilty plea was structural. *See* 954 F.3d 194, 200 (4th Cir. 2020). But *Gary* was reversed in *Greer*. *See* 593 U.S. at 515. As discussed above, to the extent that Ground Six restates Scott's challenge to the sufficiency of his Indictment, it is, like Grounds One, Fourteen, and Fifteen, procedurally barred.

that he personally is prohibited from possessing a firearm under federal law is no defense if he knows he has a particular status and that status happens to be one prohibited by § 922(g) from possessing a firearm." *United States v. Johnson*, 981 F.3d 1171, 1189 (11th Cir. 2020). The Supreme Court has explained that trial court errors concerning a defendant's knowledge of his status as a felon are generally harmless because "[i]f a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing one forgets." *Greer v. United States*, 593 U.S. 503, 508 (2021). The Eleventh Circuit has recognized that lengthy prison sentences also support the inevitable conclusion that a defendant knew he was a felon. *See, e.g., United States v. Bryant*, 2023 WL 9018411, at *3 (11th Cir. Dec. 29, 2023).

The Government points out that "the record show[s] that it was inconceivable that Scott was unaware of his convicted-felon status." Doc. 154 at 13. First, he stipulated at trial both to being a felon, *see* doc. 105 at 17, and knowing that he was a felon, doc. 106 at 60 (Assistant United States Attorney noting: "So we are all on the same page with Old Chief *and adding the Rehaif potential*, that the defendant knew he was a convicted felon . . . ." (emphasis added)). *See also* doc. 85-28 (stipulation,

signed by Scott, that, prior to the date of the incident at issue, he "had been convicted of a felony . . . and the Defendant had knowledge of that conviction . . . ."). In addition to the stipulation, Scott's "mother testified that she knew [he] was a convicted felon, and that he had served 10 years in prison for shooting someone." Doc. 154 at 13.

As discussed above, several of Scott's claims invoking *Rehaif*, whether explicitly or implicitly, are procedurally barred. The authority discussed above suggests that, even if they were not procedurally barred, they are meritless. Ground Six, which is not clearly procedurally barred, is meritless. It is contradicted by the record to the extent that it asserts that Scott did not know his status. It is incorrect to the extent that it contends, albeit implicitly, that Scott's knowledge that his status "triggered a firearm ban" is relevant to his conviction. Finally, it is meritless because *Rehaif* errors are generally not "structural," and, as discussed above, any such error here appears harmless. *See, e.g., Greer*, 593 U.S. at 508 (2021); *Seabrooks*, 32 F.4th at 1384-85; *United States v. Leonard*, 4 F.4th 1134, 1144 (11th Cir. 2021).

The general insufficiency of all of Scott's *Rehaif*-based claims is also fatal to his claims that his counsel provided ineffective assistance for

failing to assert them, even assuming that counsel *did* fail to assert them.

"To prevail on a claim of ineffective assistance of counsel, a prisoner must prove that his counsel rendered deficient performance and that he was prejudiced by the deficient performance." *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." *Putman v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001). As to the prejudice prong, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987) (same); *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[A]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some *conceivable* effect on the outcome of the

proceeding is insufficient to show prejudice." (internal cites and quotations omitted) (emphasis added)).   As explained above, Scott's *Rehaif*-based claims are meritless and, as the Government points out, *see* doc. 154 at 13 n. 4, "[c]ounsel is not ineffective for failing to raise meritless issues." *Alfaro-Granados v. United States*, 2020 WL 8618126, at *2 (11th Cir. Aug. 27, 2020) (citing *Nyhuis*, 211 F.3d at 1344).   Since Scott cannot show any prejudice, even supposing his counsel failed to raise *Rehaif* issues, Grounds Five, Six, and Sixteen should be **DISMISSED**.

## III.   Sentencing Guideline Errors

The Government points out that, regardless of any procedural obstacles (*i.e.*, procedural bar or procedural default), none of Scott's claims concerning errors in the application of the Sentencing Guidelines are cognizable under § 2255.   *See* doc. 154 at 16.   Scott has not responded to that argument.   *See generally* doc. 157.   The Government is correct that Scott's disputes concerning the application of the Sentencing Guidelines are not cognizable.   "Section 2255 does not provide a remedy for every alleged sentencing error." *Delva v. United States*, 851 F. App'x 148, 154 (11th Cir. 2021) (citing *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014)).   "A prisoner may challenge a sentencing error as a

'fundamental defect' on collateral review when he can prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated . . . ." *Spencer*, 773 F.3d at 1139. Scott has shown neither. *See generally* doc. 157. Accordingly, Grounds Four[6] and Seventeen fail, regardless of their procedural defects.

## IV.   Ground Seven

Scott's original Motion contends that the Court of Appeals committed "plain error" when it failed to afford him an opportunity to "respond." Doc. 127 at 10. The Government appears to have omitted that claim from its response. *See generally* doc. 154. Despite the Government's oversight, the claim is facially meritless. It is unclear, at

---

[6] The Government also points out that Scott's invocation of the Supreme Court's opinion in *Borden v. United States*, 593 U.S. 420 (2021), in Ground Four is unavailing. *See* doc. 154 at 15. *Borden* held that certain states' aggravated assault statutes—in *Borden*, Tennessee's—included conduct with a *mens rea* of recklessness, *see* 593 U.S. at 424-25, which excludes conviction as "crimes of violence," under the Armed Career Criminal Act, *id.* 445. The Government points out that the aggravated assault conviction, which was considered in Scott's base offense level, was under Georgia's statute, which remains a "crime of violence" after *Borden*. *See United States v. Glenn*, 2021 WL 4618075, at *2 (11th Cir. Oct. 6, 2021) (holding that a Georgia conviction for aggravated assault was a "crime of violence" under the "enumerated offenses clause"). As to the four-point enhancement under U.S.S.G. § 2K2.1(b)(6)(B), *see* doc. 154 at 7, the District Judge expressly found sufficient evidence to impose the enhancement, based on aggravated assault, noting Scott was "not being convicted of the aggravated assault here. He's just receiving that four-point enhancement because [the Court] . . found the appropriate burden of proof at a sentencing hearing that he committed that offense." Doc. 109 at 24-25. Thus, even if Ground Four were not procedurally barred and were a cognizable claim on collateral review, it appears meritless.

best, whether a procedural error like the one alleged would support vacating a criminal judgment. *Cf. Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." (internal quotation marks and citation omitted)). The Court need not resolve that question, however, because it is simply not true that the Court of Appeals did not give Scott "a chance to respond" to his counsel's *Anders* brief; he filed three. *See* 19-13729, doc. 15 (11th Cir. Jan. 10, 2020), doc. 18 (11th Cir. Jan. 21, 2020), doc. 19 (11th Cir. Jan. 31, 2020). Moreover, he moved the Court of Appeals for rehearing, without raising any suggestion that he had not been provided with an opportunity to respond. *See* 19-13729, doc. 45 (11th Cir. Sept. 21, 2020). Ground Seven should, therefore, be **DISMISSED**. *See, e.g., Holmes v. United States*, 876 F.2d 1545, 1553

(11th Cir. 1989) (further proceedings are not "required where the petitioner's allegations are affirmatively contradicted in the record.").

## V.    Scott's "Tenth Supplement"

In addition to the documents discussed above, Scott filed a final "supplemental motion" on July 5, 2022. *See* doc. 155. That Motion asserts that his trial counsel was ineffective for failing to object to the four-level enhancement, discussed above in Ground Four. *Id.* at 1. He also asserts that "[t]he government use a 911 of call of the witness[, apparently the victim of the disputed "aggravated assault,"] that also gave a statement of what happen to investigator[,]" but he was not given an opportunity to cross-examine that witness." *Id.* at 1-2. The Government has moved to dismiss both grounds, although its presentation is somewhat scattered. *See* doc. 156. Scott has not responded to the Government's Motion at all, *see generally* docket, so that Motion stands unopposed, *see* S.D. Ga. L. Civ. R. 7.5; *see also Spaulding v. United States*, 2013 WL 3270336, at *1 (S.D. Ga. June 26, 2013).

The Government's Motion points out, first, that the supplement is an unauthorized successive amendment. *See* doc. 156 at 2. The Government's characterization is correct, but even where an amendment

is not permitted as a matter of course, the court must "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bellefleur v. United States*, 489 F. App'x 323, 324 (11th Cir. 2012) (applying *Foman* in a § 2255 proceeding and concluding denial of leave to amend was reversable error).  The Eleventh Circuit, following a prominent treatise, has explained:

> In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval.  However, some courts have held that an untimely amended pleading served without judicial permission may be considered properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change.  Permitting an amendment without formal application to the court under these circumstances is in keeping with the overall liberal

> amendment policy of rule 15(a) and the general desirability of
> minimizing needless formalities.

*Hoover v. Blue Cross & Blue Shield of Ala.*, 855 F.2d 1538, 1544 (11th

Cir. 1988) (quoting 6 Fed. Practice & Procedure § 1485 at 421 (1971))

(emphasis omitted).  Given that mandate, the Court will not reject Scott's

amendment based solely on the fact that it was unauthorized.  However,

as discussed below, the Court might still reject it.

The Government also refers to the claims' relation back to Scott's

previous pleadings.  *See* doc. 156 at 2.  The Court infers that the

Government is asserting that the claims are untimely and do not relate

back to the date of Scott's original Motion.  The Antiterrorism and

Effective Death Penalty Act ("AEDPA") established a one-year statute of

limitations for § 2255 motions.  28 U.S.C. § 2255(f); *Davenport v. United*

*States,* 217 F.3d 1341, 1343 (11th Cir. 2000).  When a movant files a

timely § 2255 motion, and then later files an untimely amended or

supplemental motion that raises additional claims, the untimely claims

are barred by the statute of limitations unless they "relate back" to the

original motion under Federal Rule of Civil Procedure 15(c).  *Davenport,*

217 F.3d at 1344.  A claim "relates back" if it "asserts a claim or defense

that arose out of the conduct, transaction, or occurrence set out—or

attempted to be set out—in the original pleading." Fed. R. Civ. P.

15(c)(1)(B). "[W]hile Rule 15(c) contemplates that parties may correct

technical deficiencies or expand facts alleged in the original pleading, it

does not permit an entirely different transaction to be alleged by

amendment." *Dean v. United States,* 278 F.3d 1218, 1221 (11th Cir.

2002). The United States Supreme Court has cautioned that the

"conduct, transaction, or occurrence" language of Rule 15(c) should not be

defined "at too high a level of generality," because doing so would defeat

Congress's intent to impose a strict time limit on claims for post-

conviction relief. *Mayle v. Felix,* 545 U.S. 644, 661-62 (2005) (quotation

marks omitted). Thus, an amended pleading relates back to an original

pleading only if both pleadings "state claims that are tied to a common

core of operative facts." *Id.* at 664.

The Court of Appeals affirmed Scott's conviction on September 2,

2020. *See Scott*, 819 F. App'x at 896; *see also Close v. United States*, 336

F.3d 1283, 1285 (11th Cir. 2003) (citing *Clay v. United States*, 537 U.S.

522 (2003)) (statute of limitations is triggered by court of appeals'

opinion). His conviction became final on February 1, 2021, when the

extended 150-day deadline to file a petition for certiorari to the Supreme

Court expired.[7]  *See, e.g., Clay,* 537 U.S. at 524; *Miscellaneous Order Rescinding COVID-19 Related Orders,* 338 F.R.D. 801 (July 19, 2021); *see also Miscellaneous Order Addressing the Extension of Filing Deadlines [COVID-19],* 334 F.R.D. 801 (Mar. 19, 2020).  The one-year period expired, therefore, on February 1, 2022.  Scott's supplemental motion was not filed until July 5, 2022, *see* doc. 155 at 2; *see also, e.g., Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001).  It was, therefore, months out-of-time.

The claim that admission of a recorded 911 call violated the Confrontation Clause raises a completely new issue, unmentioned in his prior, voluminous, pleadings.[8]  *See* doc. 156 at 2.  It does not relate back. His ineffective assistance claim is a closer call.  It does relate to his timely challenge to the four-point increase in his base offense level, under the Sentencing Guidelines, discussed above.  *Compare, e.g.,* doc. 139 at 1,

---

[7]  The 150th day after September 2, 2020 was Saturday, January 30, 2021.  By operation of the Rules of the Supreme Court of the United States, the deadline was automatically extended until the following Monday, February 1, 2021.  U.S. Sup. Ct. R. 30.1.

[8] The Government's assertion that the claim concerning the 911 call is procedurally defaulted is incorrect.  *See* doc. 156 at 2.  Scott raised the claim, if somewhat vaguely, in one of his responses to counsel's *Anders* brief.  *See* 19-13729, doc. 18 at 5 ("By playing the 911 call to the jury during trial was prejudice and misleading Washington v. Crawford," which, presumably, was a mistaken reference to *Crawford v. Washington,* 541 U.S. 36 (2003)).  However, even though the claim is not procedurally defaulted, it is procedurally barred in addition to being untimely.

*with* doc. 155 at 1.  The Government points out that ineffective assistance claims are distinct, *see* doc. 156 at 1 (citing *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010)).  While the Court appreciates the Government's argument that the facts of counsel's performance are distinct from the facts, the Court cannot conclude, based on the Government's terse argument, that they are not sufficiently connected to relate back.  Nevertheless, the first ground asserted in Scott's supplement should be **DISMISSED** as untimely.  *See, e.g., Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) ("The § 2255(f) statute of limitations requires a claim-by-claim approach to determine timeliness.").

Although Scott's assertion of ineffective assistance is not clearly time barred, it is, as the Government points out, meritless.  As discussed above, Scott presented his claim that his sentencing enhancement was erroneous to the Court of Appeals and it concluded that it was meritless. *See Scott,* 819 F. App'x at 896 (finding, after an "independent examination of the entire record . . .[,] no arguable issues of merit . . . ."); 19-13729, doc. 18 at 4-5 (11th Cir. 2020).  Since the Court of Appeals determined that there was "no arguable issue[ ] of merit" concerning the trial court's U.S.S.G. calculation, counsel could not have been ineffective

31

for failing to raise the meritless issue.  *See* doc. 156 at 2 (citing *Cave v. Sec'y for Dept. of Corr.*, 638 F.3d 739, 755 (11th Cir. 2011)); *see also, e.g., Alfaro-Granados*, 2020 WL 8618126, at *2.  Scott's ineffective assistance claim should, therefore, be **DISMISSED**.

Given the somewhat odd procedural posture of Scott's "supplement," the analysis above supports two independently sufficient reasons to reject it.  First, since the grounds asserted are meritless, the Court might deny leave to amend as futile.  *See, e.g., Terry v. United States*, 2020 WL 4977478, at *2 (11th Cir. Aug. 19, 2020) ("[T]he district court properly denied [movant] leave to amend his § 2255 motion because the claims he sought to add would have been futile, as they were meritless.").  Alternatively, if the amendment were permitted, the grounds asserted would still fail on their merits.  For either of those reasons, therefore, the Government's Motion to Dismiss should be **GRANTED**.  Doc. 156.  Scott's Supplemental Motion should be **DISMISSED**.  Doc. 155.

## CONCLUSION

Accordingly, Scott's motions to amend and supplement his § 2255 Motion are **GRANTED**.  Docs. 128, 130, 131, 132, 133, 136, 138, 139 &

147. The Government's Motion to Dismiss should be **GRANTED**. Doc. 154. Scott's § 2255 Motion, as amended and supplemented, should be **DISMISSED**. Docs. 127, 128, 130, 131, 132, 133, 136, 138, 139 & 147. The Government's Motion to Dismiss Scott's Tenth Supplemental § 2255 Motion should be **GRANTED**. Doc. 156. Scott's Supplemental Motion should be **DISMISSED**. Doc. 155. Civil action CV420-297 should be **DISMISSED** in its entirety.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all

parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 1st day of March, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA